FILED

March 8 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0360

DA 14-0360

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 54N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JENNIFER LYNN PAQUETTE,

Defendant and Appellant

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-12-382(D)
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell,
Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:   February 17, 2016

Decided:   March 8, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In October 2012, Jennifer Paquette was involved in an altercation to which officers of the Flathead County Sheriff's Office responded. Paquette was charged with felony assault with a weapon, felony attempted assault on a peace officer, and misdemeanor assault with bodily fluid.

¶3      Paquette has a lengthy history of mental illness and at the February 13, 2013 omnibus hearing, Paquette indicated that she would rely on a mental illness defense. Following plea negotiations, Paquette pled no contest to attempted assault on a peace officer and the remaining charges were dropped. Subsequently, sentencing was delayed for multiple reasons, including Paquette's involuntary commitment to the Montana State Hospital (MSH). The Eleventh Judicial District Court, Flathead County, conducted a sentencing hearing on November 14, 2013, at which both Paquette and her attorney were present. The court ordered that Paquette be committed to the Department of Public Health and Human Services (DPHHS) for a period of five years to be placed in an appropriate facility that will provide care and treatment for her mental health issues. The court urged that DPHHS not incarcerate her in a correctional facility. The District Court judge indicated at sentencing that he had read Paquette's lengthy medical records,

2

including the mental evaluation in the presentence investigation and the records generated during Paquette's April 2013 commitment to MSH, and that the sentence was designed to provide Paquette with treatment that could possibly allow her to function as a law-abiding citizen upon release. The court included numerous parole conditions but waived assessment of fees based upon Paquette's indigency. Paquette appeals. We affirm.

¶4 Paquette claims on appeal that the District Court erred by sentencing her without complying with §§ 46-14-311 and -312, MCA. These statutes instruct sentencing courts that are dealing with mentally impaired defendants to order and consider mental evaluations designed to assist the sentencing court in making the best treatment, care, and custody sentencing decisions for the defendant. Paquette argues that because the court did not order the evaluation before sentencing her, "there is the appearance that all necessary information was not considered and [Paquette's] fundamental constitutional rights were violated."

¶5 Paquette failed to preserve this argument for appeal by failing to raise the issue before the District Court. It is well-established that to properly preserve an issue or argument for appeal, a party must raise it in the district court. In *State v. West*, 2008 MT 338, ¶ 17, 346 Mont. 244, 194 P.3d 683, we explained: "[T]he rationale underlying the timely-objection rule is judicial economy and 'bringing alleged errors to the attention of each court involved, so that actual error can be prevented or corrected at the first opportunity.'" Here, Paquette had ample opportunity to notify the court of its obligations under the statutes but she failed to do so. On appeal, she acknowledges that she did not

raise this argument but requests that we review her argument under the plain error doctrine. We invoke our "plain error review" sparingly and decline to do so here. *State v. Main*, 2011 MT 123, ¶ 53, 360 Mont. 470, 255 P.3d 1240. Moreover, because the record establishes that the District Court had before it an extensive medical account of Paquette's past and current mental status when making its sentencing decision, there is no evidence to support her contention that her fundamental constitutional rights were violated.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents questions clearly controlled by settled law.

¶7 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ JAMES JEREMIAH SHEA